IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL CASE NO.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREENE KLEEN OF SOUTH FLORIDA, INC. | ) |
|     Defendant | ) |
| _____ | / |

**COMPLAINT**

Plaintiff, United States of America ("United States") brings this action against the Defendant, Greene Kleen of South Florida, Inc. ("Greene Kleen"), to enforce a Settlement Agreement entered into by Defendant and the United States Department of Justice, Civil Rights Division, Immigrant and Employee Rights Section ("United States" or "IER").

The United States alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 8 U.S.C. § 1324b, 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1345, and 28 U.S.C. § 1355.

2. Greene Kleen of South Florida, Inc., is a Florida Corporation, and its principal place of business is located at 1450 N.W. 82nd Avenue, Doral, Florida, which is within the jurisdiction of this Court.

3. At all relevant times, Defendant operated as a full-service, commercial, janitorial

service provider, and it performed janitorial services under various contracts at multiple business locations throughout Miami-Dade, Broward, and Palm Beach Counties.

4. Venue is proper under 28 U.S.C. § 1391(b) because the claim alleged here arose in the Southern District of Florida.

## GENERAL ALLEGATIONS

5. On January 31, 2020, the United States, Immigrant and Employee Rights Section ("IER") of the Department of Justice, Civil Rights Division, opened an investigation into Greene Kleen, pursuant to IER's authority under 8 U.S.C. § 1324b(d)(1), to determine whether it was discriminating against work-authorized immigrants, in violation of 8 U.S.C. § 1324b(a)(6) ("Investigation").

6. After completing the Investigation, the United States determined that there is reasonable cause to believe that, beginning no later than January 1, 2019 and continuing to at least February 28, 2022, Greene Kleen engaged in a pattern or practice of unfair documentary practices ("UDP") in violation of 8 U.S.C. § 1324b(a)(6) by routinely requiring non-U.S. citizens, but not similarly-situated U.S. citizens, to present specific documents (e.g., a Permanent Resident Card or Employment Authorization Document) to prove their work authorization during the employment eligibility verification process.

7. On September 26, 2023, Greene Kleen, through its Owner, Cira Figueroa, entered into a Settlement Agreement with the United States to resolve the Investigation. The Settlement Agreement was fully executed on September 28, 2023, upon the signature of Alberto Ruisanchez, IER's Deputy Special Counsel, for the United States. *See* **Exhibit A**, Settlement Agreement.

8. Greene Kleen's obligations under the Settlement Agreement include, but are not limited to, paying a $140,000.00 civil penalty to the United States Treasury in quarterly installments[1] starting January 15, 2024. *See* Settlement Agreement, at ¶ 4.

9. In consideration of these promises, the United States released Defendant from claims and causes of action pertaining to the Investigation through the date of the Settlement Agreement. *See* Settlement Agreement, at ¶ 16.

10. On January 8, 2024, counsel for Defendant informed the United States, via email, that his client had ceased business activities, dissolved the company, and would not comply with any of the monetary payments under the Settlement Agreement. *See* **Exhibit B**, Email from Attorney Rissman.

11. On January 15, 2024, Defendant failed to make the first required payment to the United States in the amount of $10,000.00 in accordance with the Settlement Agreement. *See* Settlement Agreement, at ¶ 4.

12. Later, on April 15, 2024, Defendant failed to make the second required payment to the United States in the amount of $10,000.00 in accordance with the Settlement Agreement. *See* Settlement Agreement, at ¶ 4.

13. On May 28, 2024, the United States informed Defendant in writing that the failure to timely pay the two (2) delinquent installment payments towards the $140,000.00 civil penalty, as agreed to by Greene Kleen, constitutes a breach, and encouraged Defendant to comply with its obligations under the Settlement Agreement. *See* **Exhibit C**, Letter to Attorney Rissman.

---

[1] While the Settlement Agreement states that the $140,000 civil penalty is to be paid "in nine quarterly installments," the Agreement outlines only eight installment payments, as follows: $10,000.00 on January 15, 2024; $10,000.00 on April 15, 2024; $20,000.00 on July 15, 2024; $20,000.00 on October 15, 2024; $20,000 on January 15, 2025; $20,000.00 on April 15, 2025; $20,000.00 on July 15, 2025; and $20,000.00 on Docket 15, 2025.

14. To date, Defendant nevertheless refused and failed to pay the two (2) delinquent installments – each for $10,000.00 -- toward the civil penalty, as it was required to do by or on January 15, 2024, and April 15, 2024, respectively.

## **COUNT I - BREACH OF CONTRACT**

The United States realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 14, as if fully stated herein.

15. Defendant and the United States entered into a valid contract to secure relief available under 8 U.S.C. § 1324b when both parties agreed to and signed the Settlement Agreement on September 26, 2023, and September 28, 2023, respectively.[2]

16. The Settlement Agreement required Defendant, among other things, to make multiple payments to the United States Treasury on a quarterly basis, commencing on January 15, 2024, and ending on October 15, 2025, in satisfaction of its agreement to pay a civil penalty in the amount of $140,000.00.

17. Defendant's obligation under the Settlement Agreement to make payments is material. *See* Settlement Agreement, at ¶ 17.

18. Defendant materially breached the Settlement Agreement by failing to pay any portion of the $140,000.00 civil penalty, by way of multiple installment payments, to the United

---

[2] The Settlement Agreement provides that: "The Parties may execute th[e] Agreement in multiple counterparts, each of which together shall be considered an original, but all of which shall constitute one agreement…"

4

States Treasury as outlined in Section II, paragraph (4) of the Agreement.

## PRAYER FOR RELIEF

**WHEREFORE,** the United States prays that the Court:

a. Order the Defendant to specifically perform all of its obligations required by the Settlement Agreement;

b. To the extent the Court does not fully grant the United States' prayer for relief in sub-paragraph (a), order the Defendant to pay $140,000.00 in damages to the United States as owed under the Settlement Agreement;

c. Award the United States its costs in this action; and

d. Award such additional relief as the interests of justice may require.

Dated: July 16, 2024

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By:  /s/ Veronica Harrell-James
VERONICA HARRELL-JAMES
Assistant United States Attorney
Florida Bar No. 644791
United States Attorney's Office
101 South U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Telephone No.: (772) 293-0982
Email: Veronica.Harrell-James@usdoj.gov